IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **EDDIE PATRICK WASHINGTON, JR.,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| v. : | **1:11-CV-2653-TWT** |
| : | |
| **HERTZ RENTAL,** : | **[Magistrate Judge Baverman]** |
| : | |
| **Defendants.** : | |

**ORDER FOR SERVICE OF
<u>REPORT AND RECOMMENDATION</u>**

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for

AO 72A
(Rev.8/82)

obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  25th   day of   October  , 2011.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **EDDIE PATRICK WASHINGTON, JR.,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| v. : | **1:11-CV-2653-TWT** |
| : | |
| **HERTZ RENTAL,** : | **[Magistrate Judge Baverman]** |
| : | |
| **Defendants.** : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION**

This matter is currently before the Court on Plaintiff's application to proceed *in forma pauperis* ("IFP"). [Doc. 1]. For the reasons below, the undersigned **GRANTS** Plaintiff's request to proceed IFP but **RECOMMENDS** that the action be **DISMISSED** for lack of subject-matter jurisdiction.

**I.   Introduction**

On August 10, 2011, Plaintiff Eddie P. Washington filed this IFP application seeking to bring a civil action against Defendant Hertz Rental for injuries he sustained in a car accident in February 1979. [Doc. 1]. Plaintiff states that he was driving on a state highway near Tampa when his car stalled and a fast-moving car crashed into his vehicle, seriously injuring Plaintiff and ultimately leading to the death of the other

AO 72A
(Rev.8/82)

driver. [*See* Doc. 1-1 at 1]. Plaintiff discovered that the other person had been driving a rented car from Defendant, and Plaintiff talked to several attorneys about filing a complaint, but none would do so. [*See id.*]. Plaintiff represents that Defendant never tried to contact him or compensate him for his injuries. [*See id.*]. Plaintiff notes that he filed a complaint in this Court in 1996 regarding this incident, but he states that "[a]t that time I did not have the information the court needed that could prove this information is true. This information can be provided to the courts by the city of Tampa Police Department. . . . They have the photographs of the accident. . . ." [*Id.*].[1]

## II.   Discussion

### A.   IFP Application

Plaintiff's IFP application indicates that he has had no employment during the past two years and that he has no income apart from the $674 per month he receives in disability payments. He does not indicate whether he has any cash, but he does not

---

[1] At the time of the 1996 filing, Plaintiff was in prison. *See* Doc. 2 at 1 in 1:96-CV-2504-JOF. Although Plaintiff had made clear in his complaint that the suit had nothing to do with his detention, *see* Doc. 1 at 2 in 1:96-CV-2504-JOF, the action was nevertheless classified as a prisoner civil-rights action under 42 U.S.C. § 1983 and was dismissed for failure to allege state action, *see* Doc. 2 at 2 in 1:96-CV-2504-JOF. It appears that Plaintiff was released from prison in December 1997. Georgia Department of Corrections website, http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp, query "Washington, Eddie P.", (last visited 10/25/2011).

AO 72A
(Rev.8/82)

have any bank accounts. He asserts that he has no major assets such as a car or home. His monthly expenses include $200 for the rent/mortgage payment, $150 for food, $10 for laundry, $24 for homeowner's/renter's insurance, $36 for life insurance, $36 for health insurance, $154 for car insurance, and $200 in car payments.

The Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[2] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful and equal access to the judicial system. *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997). Section 1915 does not, however, create an absolute right to proceed in civil actions without payment of costs.

---

[2] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004); *see also Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998); *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997). The United States Court of Appeals for the Sixth Circuit has concluded that the use of the word "prisoner" here was a typographical error and that Congress intended to use the word "person" instead. *See Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997).

3

AO 72A
(Rev.8/8 2)

Instead, the statute conveys only a privilege to proceed to those litigants unable to pay filing fees when the action is not frivolous or malicious. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).³ Moreover, while the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, " 'something more than mere statement and an affidavit that a man is "poor" should be required before a claimant is allowed to proceed in forma pauperis.' " *Levy v. Federated Dept. Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984) (quoting *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339.

Plaintiff's expenses exceed his income. As a result, the Court **GRANTS** the motion to proceed IFP. When a court permits a party to proceed IFP, the court must perform a frivolity review pursuant to 28 U.S.C. § 1915(e).

### B.    Frivolity Review

Ordinarily, after granting an IFP application a court reviews a case under 28 U.S.C. § 1915(e), which requires a court to "*sua sponte* dismiss [an indigent non-

---

³       In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

4

prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  However, "federal courts are duty bound to consider their subject matter jurisdiction *sua sponte*." *Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n.38 (11th Cir. 2006).  As a result, a court must first evaluate whether it has subject-matter jurisdiction, and it must *sua sponte* dismiss a case if it lacks jurisdiction.  *See Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 Fed. Appx. 854, 856 (11th Cir. Aug. 12, 2010); Fed. R. Civ. P. 12(h)(3).  Here, the undersigned concludes that the Court lacks subject-matter jurisdiction over the action.

First, the Court lacks federal-question jurisdiction.  A federal question exists if a civil action is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  It does not appear that Plaintiff asserts any federal claims. Instead, it appears most likely that his claims – which are not stated – are state-law tort claims.  [*See* Doc. 1-1 at 1].  Thus, federal-question jurisdiction is lacking.

Second, diversity jurisdiction is also lacking.  Under 28 U.S.C. § 1332, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states.

5

28 U.S.C. § 1332(a). Under § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Pursuant to § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Although Hertz Rent-a-Car is operated by The Hertz Corporation, *see* Hertz Rent-a-Car, http://www.hertz.com (last visited 10/24/11), and The Hertz Corporation is a registered corporation in Georgia, *see* Georgia Secretary of State Website, http://corp.sos.state.ga.us/corp/soskb/Corp.asp?569519 (last visited 10/24/11), it has not been incorporated in Georgia, *see id.* (listing The Hertz Corporation as a foreign profit corporation). Instead, it is a citizen of New Jersey. *See id.*; *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1195 (2010).

Turning to the amount in controversy, the undersigned notes the following discussion from the Eleventh Circuit:

> In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted). A plaintiff satisfies the amount in controversy requirement by claiming a

AO 72A
(Rev.8/82)

sufficient sum in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Red Cab Co.*, 303 U.S. at 289, 58 S.Ct. at 590. However, where jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-77 (11th Cir. 2000).

*Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

Here, Plaintiff has not explicitly stated the type of relief he is requesting, but he appears to want monetary relief, given his complaint that Defendant "has not tried or attempted to compensate me for medical bills, mental, and physical anguish and they have not compensated, nevertheless for my car," [Doc. 1-1 at 1]. Because Plaintiff seeks an indeterminate amount of damages, he bears the burden of proving by a preponderance of the evidence that the claim on which he is basing jurisdiction exceeds $75,000. *See McKinnon Motors*, 329 F.3d at 807. Having failed to allege this, the undersigned cannot conclude that this Court has diversity jurisdiction over the action. *See Clark v. Matthews Int. Corp.*, 639 F.3d 391, 400 (8th Cir. 2011) ("Clark's complaint alleged no amount in controversy. . . . It is the burden of the party who seeks the

7

exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. If the plaintiff in a putative diversity case fails to make the necessary allegations he has no standing. Clark's complaint was therefore insufficient to invoke the jurisdiction of a federal court under § 1332.") (alteration and citations omitted).

Because federal-question jurisdiction and diversity jurisdiction are unavailable for Plaintiff, this Court has no subject-matter jurisdiction over this action and the complaint should be dismissed.

Even were Plaintiff to replead his complaint and succeed in establishing the amount-in-controversy requirement, however, his complaint would be subject to dismissal because of the expiration of the relevant statute of limitations. The car accident that forms the basis of Plaintiff's claim or claims occurred in 1979, more than thirty years ago. [*See* Doc. 1-1 at 1]. While it is not entirely clear what claim Plaintiff seeks to bring, it is clear that any claim is barred by the statute of limitations. Under Florida law, the statute of limitations for an action founded on negligence or on injury to personal property is four years. *See* Fla. Stat. Ann. § 95.11(3)(a), (h). Under Georgia law, injuries to the person must be brought within two years after the right of action accrues, O.C.G.A. § 9-3-33, or four years for injuries to personalty,

8

O.C.G.A. § 9-3-31.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."  *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990).  "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading."  *Id.*  Nonetheless, "[t]o dismiss a . . . complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar."  *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citations omitted).  In this case, it is, so even if the Court had subject-matter jurisdiction over the action, it should nevertheless be dismissed.  *See Uzomba v. Uzomba*, No. 1:07-cv-117-WSD, 2007 WL 1229704, at *1-2 (N.D. Ga. Apr. 24, 2007) (Duffey, J., adopting Brill, M.J.) (noting recommendation that complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject-matter jurisdiction or alternatively because claims were barred by Georgia's statute of limitations, and dismissing complaint without prejudice for lack of subject-matter jurisdiction).

9

AO 72A
(Rev.8/82)

**III.     Conclusion**

For the above reasons, the undersigned **GRANTS** Plaintiff's IFP application but **RECOMMENDS** that the complaint be **DISMISSED WITHOUT PREJUDICE**.[4] The Clerk is **DIRECTED** to mail Plaintiff's copy of this Order and Report and Recommendation to the following address:

> Eddie P. Washington
> 1020 Bryon Drive SW
> Atlanta, GA 30310

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, AND DIRECTED**, this 25th day of October, 2011.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]   Dismissal for lack of subject-matter jurisdiction is without prejudice. *See* Fed. R. Civ. P. 41(b); *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."); *DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) (affirming dismissal of complaint for lack of standing but noting that "this dismissal is necessarily without prejudice").

10